**UNITED STATES of America,
Plaintiff—Appellee**

v.

**Michael Scott BAIRD, Defendant—
Appellant.**

No. 07–50043.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed May 5, 2008.

---

Michael J. Raphael, Esq., Elizabeth R. Yang, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Pedro V. Castillo, Esq., Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, GOULD, IKUTA, Circuit Judges.

## MEMORANDUM *

As the government acknowledged in its 28(j) letter, *United States v. Cope*, 506 F.3d 908, 914–15 (9th Cir.2007), directs the conclusion that Baird did not waive his right to challenge the length of his term of supervised release.

■ On the merits, we conclude that the district court did not abuse its discretion in imposing a life term of supervised release, for three reasons. First, Baird is a recidivist. The district court reasonably concluded that a life term of supervised release was necessary to forestall the possibility that Baird would offend again. Second, the Guidelines recommend a life term of supervised release for those, like Baird, who violate 18 U.S.C. § 2252A. *See* 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b) (policy statement) & cmt. n. 1. Third, in *Cope*, 506 F.3d at 915–16, we upheld a life term of supervised release for a defendant similarly situated to Baird. In sum, Baird's life term of supervised release is not unreasonable and the district court did not abuse its discretion in imposing it. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

■ Baird contends that his GPS monitoring condition is not reasonably related to the goals of supervised release codified at 18 U.S.C. § 3583(d). The record is insufficiently developed to permit a meaningful review for an abuse of discretion of the district court's decision to impose GPS monitoring. *See United States v. Betts*, 511 F.3d 872, 876 (9th Cir.2007) ("Circuit law establishes that a sentencing judge is not required to articulate on the record at sentencing the reasons for imposing each condition of supervised release, *where we can determine from the record whether the court abused its discretion.*" (internal quotation marks and footnote omitted) (emphasis added)). The extent to which GPS monitoring will further the goals of supervised release codified at 18 U.S.C. § 3583(d) depends on the exact nature of the GPS program. Therefore, we vacate the GPS monitoring condition and remand to allow the parties to develop the record on this issue.[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. In response to our questions during oral argument, the government has submitted a letter brief giving greater detail about the nature of the GPS monitoring system. While

■ Baird contends that the district court abused its discretion in delegating to the probation officer the authority to make Baird pay all or part of the costs of his treatment and monitoring. This claim is foreclosed by *United States v. Soltero*, 510 F.3d 858, 864–65 (9th Cir.2007).

■ Baird contends that the district court plainly erred in imposing the special condition of Baird's supervised release which requires Abel testing. We conclude that the district court did not plainly err in imposing this condition. Abel testing does not implicate a particularly significant liberty interest. *See United States v. Stoterau*, 524 F.3d 988, 1006–07 (9th Cir.2008). Moreover, it comports with the requirements of 18 U.S.C. § 3583(d). *See id.* at 1006–07.

The panel shall retain jurisdiction over any subsequent appeal in this matter.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

we appreciate the government's responsiveness, we decline to consider this evidence for the first time on appeal. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.1988) (stating the general rule that documents or exhibits that were not filed with, or considered by, the district court cannot be filed as part of the record on appeal); *United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir.1979) (affidavits that "were not part of the evidence presented to the district court" would not be considered on appeal).

