# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-4020

_____

United States of America

*Appellee*

v.

Jeremiah Wroblewski

*Appellant*

_____

Appeal from United States District Court
for the North District of Iowa

_____

Submitted: May 13, 2013
Filed: May 24, 2013
[Published]

_____

Before SHEPHERD, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jeremiah Wroblewski admitted to having violated several conditions of a term of supervised release imposed as part of his sentence for possessing a firearm and ammunition after having been convicted of a misdemeanor crime of domestic violence, *see* 18 U.S.C. §§ 922(g)(9), 924(a)(2). The district court revoked his

supervision and sentenced him to 12 months' imprisonment followed by 24 months of supervised release. Mr. Wroblewski appeals, challenging a special condition of his supervision.

At his revocation hearing, Mr. Wroblewski admitted, *inter alia*, to a curfew violation that was discovered when his girlfriend called the police and accused him of assaulting her. Although he denied assaulting his girlfriend, and the district court did not make a finding on this matter, Mr. Wroblewski acknowledged that he was not home – in violation of his curfew – when the police came to his apartment to retrieve his girlfriend's belongings. Police officers, who interviewed Mr. Wroblewski's girlfriend two days after the alleged assault, noted in their reports that she had marks on her face consistent with her account of the incident. Upon revocation, the district court ordered as a special condition of supervision that Mr. Wroblewski have no contact with his girlfriend and her family. Mr. Wroblewski appeals, contending that this special condition is more restrictive than necessary and not reasonably related to the sentencing goals set out in 18 U.S.C. § 3553(a).

District courts have wide discretion in imposing conditions of supervised release, "so long as the conditions meet the requirements of 18 U.S.C. § 3583(d)." *United States v. Richart*, 662 F.3d 1037, 1056 (8th Cir. 2011) (internal quotation marks and citation omitted), *cert. denied*, 132 S. Ct. 1942 (2012). Section 3583(d)(1), in turn, requires the conditions to be "reasonably related" to certain sentencing factors in § 3553(a): "the nature and circumstances of the offense," the defendant's "history and characteristics," and several factors related to the goals of sentencing -- "the need for the sentence" to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with necessary training, medical care, and other correctional treatment. *See Richart*, 662 F.3d at 1056; 18 U.S.C. §§ 3583(d)(1), 3553(a). In addition, a condition of supervision must "involve[] no greater deprivation of liberty than is reasonably necessary" to serve the above goal-related factors. 18 U.S.C. § 3583(d)(2).

In imposing the disputed condition, the court considered Mr. Wroblewski's "history of domestic violence against women and his violence against others" – that is, "the history and characteristics of the defendant," -- and sought "to keep him from getting into further trouble," which would "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." *See* 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (C). We think it highly relevant that Mr. Wroblewski's initial term of supervised release was imposed on him as part of a sentence for possessing a firearm and ammunition after being convicted of domestic violence, and at least one of his supervised-release violations was related to an altercation with, if not an assault on, his girlfriend. We believe that the supervised release condition prohibiting Mr. Wroblewski from having contact with his girlfriend is reasonably related to the relevant sentencing factors and is not a "greater deprivation of liberty than is reasonably necessary" to protect the public and deter future criminal behavior. *See* 18 U.S.C. §§ 3583(d)(2), 3553(a)(2)(B), (C). Accordingly, we discern no abuse of discretion in this restriction.

We conclude, however, that prohibiting Mr. Wroblewski from contacting his girlfriend's family is not reasonably related to the relevant sentencing factors and is more restrictive than necessary. The record shows no problematic instances involving Mr. Wroblewski and his girlfriend's family and offers no indication of the extent of their relationship; the district court did not explain why prohibiting contact with the family would help prevent future harm to anyone. And the prohibition against Mr. Wroblewski contacting his girlfriend proscribes his using the family members as intermediaries to contact her upon his release: The court's order provides that he "shall have no contact during [his] ... term of supervision with [his girlfriend] ... in person or by a third party."

Affirmed in part, reversed in part, and remanded.

_____