# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1048

_____

United States of America

*Plaintiff - Appellee*

v.

Brion Dodd Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 10, 2014
Filed: December 4, 2014

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Brion Dodd Johnson appeals the GPS-monitoring condition of his supervised release. We conclude the district court[1] did not abuse its discretion by imposing this condition, and we therefore affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Johnson pleaded guilty to possession and attempted possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced him to 97 months' imprisonment followed by fifteen years of supervised release. The court revoked Johnson's supervised release after he committed twenty-one violations of his release conditions, including failure to comply with sex-offender treatment, unauthorized possession of a computer, possession of pornography, and use of illegal drugs. Finding that Johnson committed these violations, the court sentenced him to a second, eleven-month term of imprisonment followed by ten years of supervised release.

The district court revoked Johnson's second term of supervised release after he committed another fourteen violations, including associating with someone involved in criminal activity, failing to answer his parole officer truthfully, possessing drug paraphernalia, possessing pornography, and using photographic equipment to produce pornography. The court then sentenced Johnson to eleven months' imprisonment followed by a third, eight-year term of supervised release. In addition to the standard supervised-release conditions, the district court required that Johnson be subject to electronic monitoring via a global-positioning satellite system ("GPS monitoring") and that Johnson pay the costs of this monitoring as determined by the United States Probation Office. Johnson asked the court to reconsider the GPS-monitoring condition. The court denied his request. Johnson now appeals.

"[S]entencing judges are afforded 'wide discretion when imposing terms of supervised release.'" *United States v. Smart*, 472 F.3d 556, 557 (8th Cir. 2006) (quoting *United States v. Behler*, 187 F.3d 772, 778 (8th Cir. 1999)). The district court has the power to impose any condition it considers to be appropriate, so long as the condition complies with the limits set out in 18 U.S.C. § 3583(d), namely, the condition must "(1) [be] reasonably related to the pertinent § 3553(a) sentencing factors, (2) involve[] no greater deprivation of liberty than reasonably necessary for the purposes set forth in § 3553(a), and (3) [be] consistent with any pertinent policy

statements issued by the United States Sentencing Commission." *United States v. Mefford*, 711 F.3d 923, 926 (8th Cir.), *cert. denied*, 134 S. Ct. 242 (2013). "We review a district court's imposition of special conditions of supervised release for abuse of discretion." *United States v. Hobbs*, 710 F.3d 850, 852 (8th Cir. 2013).

Johnson first argues that the district court abused its discretion because the Sentencing Commission's recommended supervised-release conditions do not include GPS monitoring. However, the district court is not limited to the recommended conditions, and it retains wide discretion to impose any condition it considers to be appropriate so long as the condition complies with the limits set out in 18 U.S.C. § 3583(d). *See United States v. Durham*, 618 F.3d 921, 933-34 (8th Cir. 2010) (upholding special condition of supervised release requiring defendant convicted of receiving child pornography to "submit to any means utilized by the probation office to track his whereabouts or location at any time during supervised release").

Johnson next argues that the condition does not comply with § 3583(d) because the § 3553 factors do not justify GPS monitoring. We disagree. When Johnson's attorney asked the court to reconsider the GPS condition, arguing that "none of [Johnson's] violations pertain[ed] to being somewhere [he was] not supposed to be," the court explained that the condition arose from a concern for the safety of the community—a valid factor pursuant to § 3553(a)(2)(C). The court then referred to Johnson's criminal history—namely, his possession of child pornography—and his pattern of violating his supervised-release conditions, including by producing sexually explicit images in an unknown location. We also note that Johnson had prior convictions for second-degree murder and second-degree burglary. These facts and this concern for community safety distinguish Johnson's case from those in which we rejected "conditions of release . . . imposed without any evidence of their need and . . . not reasonably related to deterrence, protecting the public, or providing necessary training or correctional treatment." *United States v. Camp*, 410 F.3d 1042, 1045-46

(8th Cir. 2005) (collecting cases); *cf. United States v. Baird*, 276 F. App'x 691, 692 (9th Cir. 2008) (vacating GPS condition and remanding because record did not permit meaningful review or describe nature of monitoring, thus precluding court from determining whether condition furthered goals of supervised release). Given Johnson's specific offense history and his record of repeatedly violating his supervised-release conditions, we find no abuse of discretion on this basis.

Third, Johnson argues that, because he already faces multiple travel, location, and association conditions of supervised release, GPS monitoring entails a greater deprivation of liberty than is reasonably necessary to further the purposes of § 3553. We again disagree. Before imposing the GPS-monitoring condition, the district court noted that Johnson was a serial violator of his supervised-release conditions and that many of his new violations were similar to those he had previously committed. The court also found that Johnson failed to comply with the directives of and be truthful with his probation officer. In light of this record, we find no abuse of discretion because the GPS-monitoring condition will allow the probation officer to verify Johnson's compliance with his location and travel restrictions during his third term of supervised release. *See United States v. Miller*, 530 F. App'x 335, 338 (5th Cir.) (per curiam) (holding GPS-monitoring condition was not a greater deprivation of liberty than reasonably necessary because "any impairments of [the defendant's] privacy due to the GPS monitoring [were] outweighed by the condition's benefits," which included "effective verification of compliance with the other conditions of supervised release"), *cert. denied*, 134 S. Ct. 486 (2013); *cf. Durham*, 618 F.3d at 933 (upholding tracking condition because, among other reasons, the district court indicated tracking was "designed to assist Durham if he was tempted to have problems in the future").

Finally, Johnson argues that the court improperly delegated authority to the probation office to determine whether Johnson could pay for his GPS monitoring. "Conditions delegating limited authority to non judicial officials such as probation

officers are permissible so long as the delegating judicial officer retains and exercises ultimate responsibility." *Durham*, 618 F.3d at 933 (quoting *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006)). In determining whether a delegation is permissible, we ask whether the court abdicated its ultimate authority. *Smart*, 472 F.3d at 560. When a court has not disclaimed ultimate authority, there is "an assumption . . . that the probation officer will consult with the court about the matter or, at a minimum, the court will entertain a motion from the defendant for reconsideration of the probation officer's initial decision." *United States v. Wynn*, 553 F.3d 1114, 1120 (8th Cir. 2009).

We find that the district court's delegation was proper because the court gave no indication it was relinquishing its ultimate authority and the condition was flexible, allowing the probation office to adjust the amount based on Johnson's ability to pay. *See Mickelson*, 433 F.3d at 1056-57 (upholding supervised-release condition affording probation office discretion to track defendant's whereabouts because district court gave no indication it was giving up ultimate authority and condition's flexible nature allowed it to be tailored to defendant's needs). Other circuits similarly have approved delegations to the probation officer to determine the ability of the defendant to pay for his or her release-condition costs. *See United States v. Soltero*, 510 F.3d 858, 864-65 (9th Cir. 2007) (per curiam) (holding that district court did not abuse its discretion in delegating to the probation officer the authority to determine whether defendant could pay for treatment required as a condition of release); *United States v. Warden*, 291 F.3d 363, 365-66 (5th Cir. 2002) (same). We thus reject Johnson's argument that an impermissible delegation occurred.

For the foregoing reasons, we hold that the district court did not abuse its discretion in imposing the GPS-monitoring condition of supervised release.

_____