# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2770

_____

United States of America

*Plaintiff - Appellee*

v.

Dirk Notman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 10, 2016
Filed: August 8, 2016

_____

Before SMITH and COLLOTON, Circuit Judges, and ERICKSON,[1] District
Judge.

_____

ERICKSON, Chief District Judge.

After reserving the right to challenge the search warrant, Dirk Notman pled
guilty to one count of possession of child pornography in violation of 18 U.S.C. §§

_____

[1] The Honorable Ralph R. Erickson, Chief Judge, United States District Court
for the District of North Dakota, sitting by designation.

2252(a)(4)(B) and 2252(b)(2).  Notman appeals the district court's[2] denial of his motion to suppress, arguing the search warrant application and affidavit did not establish probable cause.  Notman also argues the district court abused its discretion in imposing restrictive supervised release conditions relating to the use and possession of computers and cameras.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. *Search Warrant*

We first address Notman's challenge to the search warrant. Notman contends the search warrant application and affidavit did not establish probable cause within its four corners, and the district court made factual errors and drew impermissible inferences in denying his motion to suppress.  The affidavit, in summary, provided the following information:

In October 2010, the United States Postal Inspection Service ("USPIS") and the Toronto Police Service began investigating a movie production company called the Toronto Company located in Toronto, Canada.  After accessing the company's website, reviewing film previews and movie summaries looking at customer ordering information, conducting controlled purchases of DVDs, and executing a search warrant on the company's business premises on May 1, 2011, law enforcement officers determined that many of the DVDs for sale, while marketed as "naturist films from around the world", included the exhibition of nude minors' genitals.  At the time of the search warrant application, the Toronto Company and its two operating principals were being prosecuted in Canada for child exploitation offenses, including the production and distribution of child pornography.

---

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

USPIS reviewed records from the Toronto Company's customer database and located a customer, Dirk H. Notman, who made five purchases between September 2010 and October 2010 for a total of 12 DVDs and downloads. Notman used 902 2nd Ave. S. as his billing and shipping address, and included an email address. One of the DVDs Notman purchased was entitled Vladik's Remembered Vol. 1. The DVD was advertised as a compilation of Vladik's nudist scenes over the last four years from seven of Vladik's movies and was described as a celebration of Vladik turning 18 years old. The United States Postal Inspector applying for the search warrant was aware that this DVD depicted nude, minor boys engaged in various activities, including swimming, eating, dancing, showering, gymnastics, playing ping pong, and exercising. The Postal Inspector, based upon her knowledge, training, and experience, determined the film intended to elicit a sexual response in the viewer and involved the lascivious exhibition of minors' genitals or pubic area.

The Postal Inspector was also aware that since about June 2012, the USPIS and other United States and international law enforcement agencies had been investigating "Website A". Website A was determined to be a popular means for individuals to exchange digital images depicting child pornography. The High Technology Investigative Unit within the United States Department of Justice's Child Exploitation and Obscenity Section investigated more than two dozen Website A users who either posted sexually explicit images of children on the website or distributed sexually explicit images of children to another user to obtain the user's password. The investigation revealed that more than half of the two dozen users were actively molesting children and in some instances posting images of the abuse to the website.

In approximately April 2013, a foreign law enforcement agency voluntarily provided to the USPIS portions of Website A data, including information on user names, album names, album passwords, user comments, email addresses, and IP logs

-3-

for specific albums. The data produced included a user registered as "Dirk Notman" with a registration date of March 1, 2008.

In response to a subpoena for information on the email address used to order from the Toronto Company, Mediacom identified "Notman (deceased father of Dirk Notman)"as the account holder who lives at 902 2nd Ave. S.

Motor Vehicle records, United States Postal Service records, an Accurint information database search, and physical surveillance revealed that a person by the name of Dirk Notman was residing at 902 2nd Ave. S. The public records indicated that Dirk Notman had resided at this address from 1988 through the present.

A search of the Sexual Offender Registry revealed that Dirk Hayo Notman had been previously convicted of possession of child pornography in November 1998, but was not a currently registered sex offender. Dirk Hayo Notman was believed to be residing at 902 2nd Ave. S.

Based upon approximately 19 years of experience, the Postal Inspector averred that those who receive and attempt to receive child pornography or who have previously been convicted of a child pornography offense may collect sexually explicit or suggestive materials in a variety of media, may correspond with and/or meet others to share information and materials, and often retain the materials for several or many years. The Postal Inspector further averred that a child pornography collection is often maintained in a digital or electronic format in a secure, private environment, such as a computer and surrounding area in the individual's residence, and that computers used in connection with child pornography typically serve to produce, communicate, distribute, and store the materials.

Based on her knowledge and experience and relying on Notman's past child pornography conviction and Notman's Toronto Company purchases, the Postal

Inspector believed that Notman likely displayed "characteristics common to individuals involved in the receipt or attempted receipt of child pornography and that he would maintain his collection for several years because they are valued highly."

On April 21, 2014, a warrant was issued to search Notman's home at 902 2nd Ave. S. and any computer and related devices and media found therein containing child pornography images or files. The search resulted in the finding of child pornography, which lead to the charge in this case.

"Whether probable cause to issue a search warrant has been established is determined by considering the totality of the circumstances." *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007). If an affidavit in support of a search warrant "sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place'", probable cause to issue the warrant has been established. *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit." *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir. 1982) (quotation and citations omitted). Applying these standards, the affidavit was sufficient.

Given the compulsive nature of the crime of possession of child pornography and the well-established hoarding habits of child pornography collectors, there is no "bright-line" test for determining when information is stale or the probative value of all suspected child pornography activities. Collectively the information in the affidavit established: (1) Notman had a prior child pornography conviction; (2) he registered on Website A in 2008, which at least since 2012 was a website known to be used by persons interested in accessing and exchanging child pornography; and (3) in 2010, Notman purchased 12 DVDs or downloads from a company that was known by law enforcement officers to sell videos containing the lascivious exhibition

of nude minors' genitals. The information about Notman's prior child pornography conviction, and his use of a computer to purchase or download images of nude minors from the Toronto Company, even though several years old at the time of the application, was relevant to a common sense determination about whether to issue the warrant and whether there was sufficient information to establish a fair probability that child pornography would be found at Notman's home. We conclude the information was sufficient to establish probable cause, and the district court did not err in denying the motion to suppress.

Even if probable cause to issue the search warrant was lacking, the *Leon* good-faith exception applies here. Suppression of evidence seized pursuant to an invalid warrant is required only if (1) the affiant mislead the issuing judge with a knowing or reckless false statement; (2) the issuing judge wholly abandoned her judicial role; (3) the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant was "so facially deficient" that the executing officer could not reasonably presume its validity. *United States v. Leon*, 468 U.S. 897, 923 (1984). The affiant neither mislead the judge with a false statement, nor did the issuing judge abandon her judicial role. Based on the information in the affidavit, a reasonably well-trained officer would not have known the search was illegal despite the issuing judge's authorization.

## II. *Supervised Release Conditions*

Next, we turn to Notman's argument that the district court imposed unduly restrictive supervised release conditions regarding the use of computers and cameras. The district court imposed two special conditions at issue: One that prohibited Notman from possessing any camera or video recording device without the prior approval of the probation officer, and another one that restricted his possession or use of a computer and other related devices without the prior approval of the probation officer.

As a general matter, courts have wide discretion when imposing supervised release terms. *United States v. Smart*, 472 F.3d 556, 557 (8th Cir. 2006). Nevertheless, release conditions must (1) be reasonably related to relevant §3553(a) sentencing factors; (2) involve no greater liberty deprivation than reasonably necessary for the purposes set forth in § 3553(a); and (3) be consistent with the United States Sentencing Commission's policy statements. *United States v. James*, 792 F.3d 962, 969 (8th Cir. 2015) (quoting *United States v. Johnson*, 773 F.3d 905, 907-08 (8th Cir. 2014)).

We have upheld similar limits on a defendant's use of computers and cameras in child pornography cases. *United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003);*United States v. Fields*, 324 F.3d 1025, 1027-1028 (8th Cir. 2003). Two relevant factors for determining the propriety of a restriction on computer and Internet use include whether the defendant did more than merely possess child pornography and whether the restriction is a total ban. *Ristine*, 335 F.3d at 696. Neither condition at issue in this case is a total ban.

Notman actively accessed, downloaded, viewed, and copied to DVD child pornography images, some of which contain sadistic and masochistic conduct between adults and minors. He used the Internet to register for Website A, which was later determined to be a common web forum for posting and exchanging child pornography. He used the Internet to order and download videos from the Toronto Company, which contained minors engaging in the lascivious exhibition of their genitals. Notman has a prior child pornography conviction and admitted to having a sexual relationship with three minor males in the mid-1970s, in which he paid at least one of them to engage in sex acts with him. In addition, a forensic examination of Notman's computers revealed a novel written by Notman that involved viewing child pornography online and a sexual assault and murder of a minor child. Notman did not dispute writing the novel, but rather asserted it was written as part of a class while he was in prison in Florida. On this record, we find that the district court did

not abuse its discretion when it imposed the computer and Internet restrictions at issue.

As to the restriction on the use of photographic and recording equipment without the approval of the supervising probation officer, in addition to the numerous images and videos purchased and downloaded, Notman admitted to making approximately 100 DVDs containing child pornography images and videos. He described the videos as "raunchy" and provided, as an example, an eight-year old female being raped by a ten-year old boy. The district court did not abuse its discretion in imposing the camera and video recording restriction at issue.

## III. *Conclusion*

Based on this record and for the reasons discussed, we affirm the judgment of the district court.

_____