# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2069

_____

United States of America

*Plaintiff - Appellee*

v.

Brion Dodd Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 9, 2017
Filed: July 3, 2017
[Unpublished]

_____

Before SMITH, Chief Judge,[1] GRUENDER and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brion Dodd Johnson appeals a condition of his supervised release which prohibits Johnson from having contact with certain adults. We find that the district court[2] did not abuse its discretion with respect to this condition and we affirm.

_____

[1] The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

[2] The Honorable Linda R. Reade, United States District Court for the Northern District of Iowa.

I.

We refer to the opinion of this court in Johnson's prior appeal for a history of this matter:

> Johnson pleaded guilty to possession and attempted possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced him to 97 months' imprisonment followed by fifteen years of supervised release. The court revoked Johnson's supervised release after he committed twenty-one violations of his release conditions, including failure to comply with sex-offender treatment, unauthorized possession of a computer, possession of pornography, and use of illegal drugs. Finding that Johnson committed these violations, the court sentenced him to a second, eleven-month term of imprisonment followed by ten years of supervised release.

> The district court revoked Johnson's second term of supervised release after he committed another fourteen violations, including associating with someone involved in criminal activity, failing to answer his parole officer truthfully, possessing drug paraphernalia, possessing pornography, and using photographic equipment to produce pornography. The court then sentenced Johnson to eleven months' imprisonment followed by a third, eight-year term of supervised release.

United States v. Johnson, 773 F.3d 905, 907 (8th Cir. 2014). Johnson began his third term of supervised release in November 2014. Following the imposition of this term of supervised release, probation officers instructed Johnson to have no contact with TT, Johnson's female friend.

In February 2016 probation officers determined that TT along with JA and JO, TT's adult children who both have special needs, were living with Johnson at his residence and that Johnson was engaged in a bondage, discipline, and sado-masochistic relationship with TT. Johnson failed to truthfully answer probation

officers' questions with respect to these facts and on March 11, 2016, the district court modified the conditions of Johnson's supervised release to add the provision that Johnson could not have contact with JA and JO. Johnson agreed to this condition.

In April 2016 the probation office filed a petition and then a supplemental petition to revoke Johnson's supervised release alleging, *inter alia*, that Johnson had committed the following violations of the terms of his supervised release: (a) failing to truthfully answer the questions of a probation officer, (b) using photographic equipment to view or store pornography, (c) possessing pornography, (d) failing to follow the instructions of the probation office, (e) failure to comply with substance abuse testing, and (f) having contact with JA.

Johnson admitted the violations. It is undisputed that on March 28, 2016, Johnson telephoned a probation officer to ask whether he could have contact with TT. The officer advised Johnson that his conditions of supervised release did not prohibit contact with TT but Johnson was prohibited from having contact with JA and JO. Later in the day, probation officers inspected the home of a federal offender which was located near Johnson's residence. As the officers left the residence they saw Johnson, TT, and JA leave Johnson's residence and walk towards Johnson's vehicle. When the officers confronted Johnson he admitted he was aware he was prohibited from having contact with JA but he explained that earlier TT had telephoned him and asked for a ride to an appointment. When Johnson picked up TT he discovered that she was accompanied by JA. Johnson transported TT and JA to TT's appointment and then drove them to his residence in order for him to pick up cigarettes. TT and JA accompanied Johnson into his residence. After officers spoke with TT and JA, JA "yelled that he was not afraid of [Brion], [and that] he doesn't know why everyone thinks [Brion] want[s] to have sex with him." JA also yelled that Rhonda (a probation officer) "is a bitch."[3]

---

[3] At the supervised release revocation hearing Johnson asserted that JA actually said "Rhonda is a witch."

The district court found that JA, age 19, and JO, age 20, although adults, are vulnerable individuals who, according to TT, cannot live alone. The court concluded that JA and JO "are not capable of making good decisions or protecting themselves or apparently living apart from their mother due to mental health issues." The court further noted that, according to TT, JA has been diagnosed as bipolar, with ADHD, defiant disorder, and Asperger's Syndrome, and has been a victim of sexual abuse. JO also has mental issues and receives services from the Iowa Department of Human Services. JA and JO both have issues with pornography. Johnson did not dispute these findings.

The district court revoked Johnson's third term of supervised release and sentence him to five months imprisonment to be followed by five years of supervised release. As a condition of supervised release, the district court reimposed the condition that: "[Johnson] must not have contact during [his] term of supervision with [JA] and [JO], in person or by a third-party. This includes no direct or indirect contact by telephone, mail, e-mail or any other means."

On appeal, Johnson objects to the total ban on contact with JA and JO. He asserts that because JA and JO require supervision, a total ban on Johnson having contact with JA and JO makes it very difficult for him to have contact with TT, who he is not prohibited from contacting. He argues that the condition is a "greater deprivation of liberty than is reasonably necessary," 18 U.S.C. § 3583(d)(2), and the district court should have "reasonably tailored" the condition by allowing contact but requiring Johnson "to give notice to his probation officer prior to having contact with TT's children, so that the probation officer could insure that the contact would be supervised by TT or another responsible adult."

II.

[S]entencing judges are afforded wide discretion when imposing terms of supervised release. The district court has the power to impose any condition it considers to be appropriate, so long as the condition

-4-

complies with the limits set out in 18 U.S.C. § 3583(d), namely, the condition must (1) [be] reasonably related to the pertinent § 3553(a) sentencing factors, (2) involve[] no greater deprivation of liberty than reasonably necessary for the purposes set forth in § 3553(a), and (3) [be] consistent with any pertinent policy statements issued by the United States Sentencing Commission. We review a district court's imposition of special conditions of supervised release for abuse of discretion.

Johnson, 773 F.3d at 907-08 (alteration in original) (citations omitted) (internal quotation marks omitted).

We find no abuse of discretion in the imposition of this condition. The district court expressly considered "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Specifically, the court considered (1) Johnson's history of conviction for the possession and attempted possession of child pornography, and (2) his previous revocations of supervised release and his multitude of prior violations of supervised release conditions including: failure to provide truthful information to probation officers and follow their instructions; failure to comply with sex-offender treatment; possession of pornography; association with persons engaged in criminal activity; and use of photographic equipment to produce pornography. The district court also carefully evaluated the need to adequately deter criminal conduct and to protect others from further crimes of Johnson in explaining that the no-contact provision was warranted in view of the vulnerable state of JA and JO and JA's history as the victim of sexual abuse and his issues with pornography. See 18 U.S.C. § 3553(a)(2)(B), (C).

We reject Johnson's contention that because we have approved the imposition of conditions of supervised release that permit contact with children when supervised or with the permission of a probation officer, a condition absolutely prohibiting contact with adults such as JA and JO cannot be imposed. In fact, we approved a similar condition in United States v. Wroblewski, 715 F.3d 701 (8th Cir. 2013) (per curiam). The district court in Wroblewski imposed a condition of supervised release prohibiting the defendant from having contact with his girlfriend and her family based

upon his history of violence against women and others, his conviction for domestic violence and possession of a firearm and ammunition, and a past supervised release violation related to an altercation with the girlfriend. Id. at 702. We noted that the no-contact condition was "not a 'greater deprivation of liberty than is reasonably necessary' to protect the public and deter future criminal behavior." Id. at 703. Here, the circumstances identified by the district court—including Johnson's history of providing false information to probation officers and failing to follow their instructions—amply justify the district court's refusal to include exceptions to the no-contact condition.

III.

Accordingly, the order of the district court is affirmed.

_____