# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3049

_____

United States of America,

*Plaintiff - Appellee,*

v.

Ivan Raphael Espinoza,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 16, 2021
Filed: August 13, 2021

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Ivan Espinoza appeals his conviction and sentence for distribution of child pornography. He argues that the district court[1] erred by denying his motion to

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

suppress evidence. If the conviction is sustained, then he contends that the court imposed an unreasonable sentence of 120 months' imprisonment. We conclude that there was no reversible error, and affirm the judgment.

## I.

The case arose from an investigation into an account on Tumblr, a social networking website. The National Center for Missing and Exploited Children received a tip from Tumblr that a user of the website uploaded an image of child pornography on November 29, 2017. The report from Tumblr specified that the prefix on the account holder's e-mail address was "superturtle112896," and that the user's screen name was "raphiel1010."

The Center forwarded this information to the Iowa Internet Crimes Against Children Task Force on November 30, 2017. Investigators traced the internet protocol address used to upload the image to an internet service provider. The service provider produced documents linking the address to an apartment in Windsor Heights, Iowa, and investigators found Espinoza's name on the provider's billing information for the account. Espinoza's date of birth matched numbers listed in the e-mail address associated with the upload, and the Tumblr username "raphiel" was similar to Espinoza's middle name, Raphael.

An officer confirmed with an apartment manager that Espinoza resided in the apartment. The same day, June 27, 2018, a state prosecutor submitted an application for a search warrant with an attached affidavit from the investigating officer. An Iowa judge issued the search warrant. During a search of Espinoza's devices in the apartment, officers found child pornography contained in more than two hundred images and over a thousand videos. The officers also found messages evidencing Espinoza's distribution of child pornography. Espinoza admitted under questioning that he had possessed and viewed child pornography.

A grand jury charged Espinoza with committing three offenses based on his receipt, possession, and distribution of child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B). Espinoza moved to suppress his statements and the evidence obtained from his devices, arguing that the information supporting the search warrant was stale after a seven-month interval. The district court concluded that the affidavit established probable cause for the search. The court reasoned in part that "in child pornography cases images are kept and hoarded," and "even if somebody tries to get rid of those images . . . proof of them may still exist within that person's computer systems."

Espinoza entered a conditional guilty plea to the distribution charge, reserving the right to appeal the denial of his motion to suppress. *See* Fed. R. Crim. P. 11(a)(2). The government agreed to dismiss the other two counts. At sentencing, the district court calculated an advisory guideline range of 210 to 262 months' imprisonment, which was capped by a statutory maximum of 240 months. *See* 18 U.S.C. § 2252A(b)(1); USSG § 5G1.1(c)(1). The court varied downward substantially from the bottom of the range based on 18 U.S.C. § 3553(a), and imposed a sentence of 120 months' imprisonment.

II.

Espinoza first argues that the district court erred by denying his motion to suppress evidence. He contends that the information in the affidavit supporting the search warrant for his apartment was stale and insufficient to establish probable cause.

Probable cause to support a warrant requires a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In considering fair probability, the vintage of the information in the affidavit may be relevant because "untimely information may be deemed stale."

*United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010). Factors relevant to whether information is sufficiently current to establish probable cause include the nature of the criminal activity, the lapse of time, and the property that would be subject to the search. *United States v. Johnson*, 848 F.3d 872, 877 (8th Cir. 2017).

Espinoza acknowledges that our precedent recognizes "the compulsive nature of the crime of possession of child pornography and the well-established hoarding habits of child pornography collectors." *United States v. Notman*, 831 F.3d 1084, 1088 (8th Cir. 2016). Citing *United States v. Raymonda*, 780 F.3d 105 (2d Cir. 2015), however, he contends that the evidence in this case of a single upload of child pornography to a social networking website "failed to demonstrate behavior indicative of a preferential collector." Therefore, he maintains, there was insufficient basis for an inference that he retained child pornography on his computer device for the seven-month period between the upload and the search warrant. Without this inference, he argues, the warrant was not supported by probable cause.

We agree with the district court that the information in the affidavit was sufficient to support the probable cause determination. *Raymonda* concerned a suspect who had merely "opened between one and three pages of a website housing thumbnail links to images of child pornography, but did not click on any thumbnails." 780 F.3d at 117. The court held that this information was insufficient to establish probable cause for a search nine months later, because there was no showing that the suspect repeated the conduct in the interim period, and the suspect's actions were consistent with "an innocent user inadvertently stumbling upon a child pornography website." *Id*.

According to the affidavit in this case, Espinoza did not "simply and accidentally navigate" to a website with child pornography "for a few meaningless minutes." *United States v. Huyck*, 849 F.3d 432, 439 (8th Cir. 2017). The affidavit explained that on November 29, 2017, Espinoza uploaded an image of a naked boy

between the ages of nine and twelve to Tumblr's website. When there is evidence that an image is uploaded, it is reasonable for the issuing judge to infer that the person uploading the image previously had received the file through some means, stored it on his device, later navigated to the social networking website, and then purposefully placed the file on the website. The Tumblr upload thus provided probable cause to believe that Espinoza willfully and deliberately accessed child pornography, and that evidence of crimes could be found on a device within his apartment.

Espinoza asserts that declaring the warrant valid would "nullify staleness claims" in cases involving "countless other federal crimes." That concern is unfounded because "[t]he specific context and nature of the warrant must be examined for each case." *Johnson*, 848 F.3d at 877. In light of the collecting habits of those who use child pornography, *see Notman*, 831 F.3d at 1088-89, there was a fair probability that Espinoza had not deleted the image that he uploaded, and that more images would be found. *See Lemon*, 590 F.3d at 614-15.

That Espinoza used a computer to upload the image further increased the likelihood that evidence of child pornography would be found. After seven months, there was a fair probability that Espinoza still possessed the device he used to upload the image, *see United States v. Estey*, 595 F.3d 836, 839-40 (8th Cir. 2010), and the nature of computer technology means that "evidence of a crime was almost certainly still on his computer," even if Espinoza attempted to delete the image. *United States v. Gourde*, 440 F.3d 1065, 1071 (9th Cir. 2006) (en banc); *see United States v. Morgan*, 842 F.3d 1070, 1074 (8th Cir. 2016); *United States v. McArthur*, 573 F.3d 608, 612 n.4 (8th Cir. 2009). The affidavit explained that data may be retrieved from "hidden files, deleted files, [and] erased files," and that investigators could discover evidence about "the operation of the system at the time relevant data was received . . . or transmitted." The affiant further explained that investigators could access information about when particular internet websites were accessed, and could review the owner's e-mail account to determine "when and how" an image was

-5-

received. We give less weight to the lapse of time in these circumstances than in a case involving "ephemeral evidence, such as small quantities of drugs." *United States v. Vosburgh*, 602 F.3d 512, 529 (3d Cir. 2010). We therefore agree with the district court that probable cause supported the warrant. *See United States v. Contreras*, 905 F.3d 853, 858-59 (5th Cir. 2018) (year-old tip that defendant uploaded child pornography was not stale); *United States v. Seiver*, 692 F.3d 774, 775-78 (7th Cir. 2012) (seven-month-old tip of a child pornography upload was not stale).

### III.

Espinoza next argues that his sentence of 120 months' imprisonment is unreasonable. He cites his youth, lack of criminal history, familial support, good behavior after the search, and amenability to cognitive behavioral therapy and sex offender treatment programs. He also contends that the sentencing guideline on child pornography, USSG § 2G2.2, is "not based upon empirical data that reasonably predict recidivism risk." We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, the court varied downward from the guideline range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009).

Although the district court observed that the guideline range in child pornography cases can become "astronomically high," the court also emphasized the "pervasive and coercive repetitive trauma" to victims that results when offenders distribute child pornography. The court accepted Espinoza's arguments in mitigation to a substantial degree when it varied downward from the 210-month sentence recommended by the guidelines and imposed a term of 120 months' imprisonment. In declining to impose an even shorter sentence, the court stressed the "aggravated circumstances" present in Espinoza's use of instant messaging and a social

networking website to distribute child pornography. The record shows that the court considered Espinoza's arguments for greater leniency and permissibly "determined that they were outweighed by the gravity" of his conduct. *United States v. Robison*, 759 F.3d 947, 951 (8th Cir. 2014). The court is entitled to substantial latitude in weighing the factors under 18 U.S.C. § 3553(a), and it was not unreasonable for the court to impose a sentence that represented a substantial downward variance from the guidelines but still a substantial measure of punishment for a serious offense.

\*  \*  \*

The judgment of the district court is affirmed.

_____