# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2508
_____

United States of America

*Plaintiff - Appellee*

v.

Deiago Davis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: February 22, 2022
Filed: March 3, 2022
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Deiago Davis appeals the district court's[1] revocation judgment sentencing him
to 13 months in prison and three years of supervised release. For reversal, Davis

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern
District of Iowa.

challenges the imposition of certain mandatory and special supervised-release conditions, which he argues are unrelated to his underlying criminal contempt judgment. Following careful review, *see United States v. Smart*, 472 F.3d 556, 557–59 (8th Cir. 2006) (affording sentencing judges wide discretion to impose supervised-release conditions reasonably related to certain 18 U.S.C. § 3553(a) sentencing factors, with no greater deprivation of liberty than is reasonably necessary, and consistent with relevant Sentencing Commission policy statements), we find no abuse of discretion.

Specifically, we reject Davis's challenge to the mandatory condition directing him to comply with sex-offender registry requirements, a condition essentially duplicating the condition that he refrain from violating the law. *See* 18 U.S.C. § 3583(d) (requiring sentencing courts to order defendants to refrain from committing any federal, state, or local crime as a condition of supervised release). In addition, in light of Davis's past sex offense and the nature of his recent violations of supervision, we find no abuse of discretion in the reimposition of special conditions directing him to participate in mental health treatment with the potential for an evaluation for sex offender treatment and directing him to refrain from contact with children under 18 including being present at places where minors congregate without the probation office's prior consent, *see United States v. Lincoln*, 876 F.3d 1137, 1138–40 (8th Cir. 2017), or in the imposition of a new special condition directing Davis to submit to GPS monitoring, *see United States v. Johnson*, 773 F.3d 905, 908–09 (8th Cir. 2014).

The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____