# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2018
_____

United States of America,

*Plaintiff - Appellee,*

v.

Dallas J. Crawford,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 22, 2023
Filed: November 3, 2023
[Unpublished]

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dallas Crawford pleaded guilty to one count of receiving child pornography. *See* 18 U.S.C. § 2252A(a)(2). The district court[*] sentenced Crawford to 180 months' imprisonment. Crawford appeals the sentence, and we affirm.

At sentencing, the parties jointly recommended a sentence of ninety-six months' imprisonment. Applying the guideline for sexual exploitation of a minor, USSG § 2G2.1, the district court properly calculated an advisory range of 210 to 240 months' imprisonment. The court then considered the sentencing factors under 18 U.S.C. § 3553(a).

In fashioning a sentence, the court cited the need to avoid unwarranted sentencing disparities among similarly situated defendants, *see* 18 U.S.C. § 3553(a)(6), and observed that the recommended sentence of ninety-six months was well below the advisory guideline range. The court also cited statistics from a Judicial Sentencing Information tool published by the United States Sentencing Commission as a "data point" to consider. Those statistics showed that the mean and median sentences for defendants sentenced under the same guideline within the last five years were 194 and 192 months, respectively. The court discussed the other § 3553(a) factors and ultimately sentenced Crawford to 180 months' imprisonment.

On appeal, Crawford argues that the district court committed procedural error by considering the Sentencing Commission data without providing advance notice that it would do so. Crawford did not object to the court's consideration of the data, so we review his contention for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-33 (1993).

---

[*]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

In *United States v. McDaniel*, 59 F.4th 975 (8th Cir. 2023), this court addressed a similar claim that a district court plainly erred by considering Sentencing Commission data without disclosing its intent to do so. We concluded that the court did not obviously err by relying on public information that was not specific to the defendant. Although a court may not rely on private information about the defendant's crime and its impact on victims without alerting the defense in advance, that disclosure rule has not been extended to public information. *Id.* at 979. The holding in *McDaniel* resolves this appeal; there was no plain error warranting relief.

Crawford also contends that the district court imposed an unreasonable sentence of 180 months' imprisonment. "Where, as here, the court varied downward from the guideline range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Espinoza*, 9 F.4th 633, 637 (8th Cir. 2021) (internal quotation omitted).

Crawford complains that the court gave undue weight to the Sentencing Commission data, but those statistics were only one piece of information that the court considered. The court accepted to some extent Crawford's arguments in mitigation and varied downward from the bottom of the advisory range by thirty months. The court declined to reduce the sentence further in view of Crawford's repeated use of technology to exploit a twelve-year-old victim, the need to avoid unwarranted disparities, and the importance of deterrence and incapacitation. The court acted within its discretion by imposing a sentence that varied downward from the advisory guidelines but still represented a substantial measure of punishment for a serious offense. *See id.*

The judgment of the district court is affirmed.

_____