# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3480
_____

United States of America

*Plaintiff - Appellee*

v.

Brittish Cierrah Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2024
Filed: December 31, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Brittish Cierrah Williams pled guilty to five counts of misuse of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B); four counts of bank fraud, in violation of 18 U.S.C. § 1344; three counts of making false statements, in violation of 18 U.S.C. § 287; and three counts of wire fraud, in violation of 18 U.S.C. § 1343,

and the district court[1] sentenced her to 48 months' imprisonment, followed by 5 years of supervised release. Williams appeals arguing that the district court committed procedural error and imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Williams's convictions arise from her conduct between 2016 and 2019 where she underreported gross receipts from her multiple businesses to the IRS; falsely claimed dependents on her tax returns; failed to file annual tax returns; used Social Security numbers that did not belong to her to open bank accounts, loans, and lines of credit; submitted multiple federal Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) applications that contained false information; made false statements in an application for California's COVID-19 Rent Relief Program, related to the apartment she rented in Los Angeles, California, while filming a reality television show as a cast member; and submitted false and fraudulent medical bills to an insurance company.

Originally indicted on 18 counts, Williams pled guilty to Counts 1 through 15 pursuant to a written plea agreement, with the Government agreeing to dismiss Counts 16 through 18 in exchange for Williams's guilty plea. In the plea agreement, the parties calculated a total offense level of 20, acknowledging, however, that the district court was not bound by the parties' calculation. The United States Probation Office prepared a Presentence Investigation Report (PSR) which recommended the application of additional enhancements that the parties did not consider in the plea agreement, resulting in a recommended total offense level of 26. Coupling the total offense level with Williams's criminal history category of I, the PSR calculated Williams's Guidelines range as 63 to 78 months' imprisonment. At sentencing, the district court adopted the PSR but varied downward and imposed a 48-month sentence.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

On appeal, Williams argues that the district court erred when it failed to acknowledge the parties' agreed calculation of Williams's criminal history score and improperly considered Williams's status as a reality television star in fashioning her sentence. "'When we review the imposition of sentences, whether inside or outside the Guidelines range, we "apply a deferential abuse-of-discretion standard."' 'We review a district court's sentence in two steps, first reviewing for significant procedural error, and second, if there is no significant procedural error, we review for substantive reasonableness.'" United States v. Isler, 983 F.3d 335, 341 (8th Cir. 2020) (citations omitted). "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Id. (citation omitted). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant [18 U.S.C. § 3553(a)] factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (alteration in original) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Donahue, 959 F.3d 864, 866 (8th Cir. 2020) (citation omitted). Further, "[w]here, as here, the court varied downward from the guideline range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. Espinoza, 9 F.4th 633, 637 (8th Cir. 2021) (citation omitted).

Williams does not clearly delineate which of her arguments raise procedural error and which raise substantive unreasonableness; however, her arguments fail regardless of how she categorizes them. As to Williams's claim that the district court failed to consider the agreed-to offense level contained in the plea agreement, even construing this argument as one that the district court procedurally erred by not

adopting the offense level contained in the plea agreement, it is without merit. Williams's plea agreement expressly states:

> The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

Given this concession, we reject Williams's claim of procedural error. Construing Williams's claim as an argument that the district court failed to give the agreed-to offense level any weight as a relevant sentencing factor, "'[w]here the district court heard argument . . . about specific . . . factors, we may presume that the court considered those factors' even if the court did not address them expressly." United States v. Beyers, 854 F.3d 1041, 1043 (8th Cir. 2017) (citation omitted). Although the district court did not expressly mention the offense level contained in the plea agreement at sentencing, Williams acknowledges that her counsel argued this point in her sentencing memorandum, which her counsel identified at sentencing and the district court stated that it reviewed. Because this argument was fairly before the district court, we presume that the district court considered it and find no error in the district court's decision not to address it directly at sentencing.

As to Williams's argument that the district court improperly focused on her status as a reality television star, unfairly punishing her more than another criminal defendant due to her celebrity status, her argument amounts to nothing more than "dissatisfaction with a district court's balancing of the § 3553(a) factors[, which] does not indicate that the district court abused its discretion." See United States v. Wickman, 988 F.3d 1065, 1067 (8th Cir. 2021). Although Williams apparently argues that this was an improper factor for the district court to consider, § 3353(a) expressly permits the district court to consider a defendant's history and characteristics, which, in this case, includes Williams's employment as a reality television star and her associated public-facing role. As Williams's "celebrity"

status is a proper consideration, the district court did not abuse its discretion in considering it as an aggravating, rather than mitigating, factor.

For the foregoing reasons, we affirm the judgment of the district court.

_____