# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1198
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Peck, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 21, 2024
Filed: March 12, 2025
[Published]

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Robert Peck, Jr., entered a conditional guilty plea to possession with intent to distribute marijuana and possession of a firearm after having sustained a felony conviction, reserving the right to appeal the denial of his two motions to suppress and his motion to dismiss. We affirm.

I.

In July 2020, Officer Paul Milone received anonymous tips that Peck was selling drugs from an apartment in Omaha, Nebraska. Milone confirmed some of the tips' details about Peck and, recognizing Peck as the subject of a prior investigation, decided to visit Peck's apartment complex. On July 16, 2020, Milone, Officer Jeff Vaughn, and Detective Edith Andersen (the Officers) went to Peck's apartment complex in plain clothes with a drug dog named Nacho. The property manager allowed them to enter the building and confirmed that Peck lived there. Then an assistant manager directed the officers and Nacho to the third floor, where Peck's apartment was located.

There were at least eight apartments on Peck's floor, and the hallway was approximately ten-to-twelve-feet wide. The Officers testified that the hallway outside the apartments was "communal," such that the apartments lacked dedicated personal space around their front doors. According to the Officers' testimony, Nacho traversed the hallway, "sniff[ing] along the bottom of the door seams" of multiple apartments, before he "alerted and indicated to the odor of drugs coming from" Peck's apartment. As the Officers were preparing to leave, they heard the elevator door chime. When the door opened, Peck walked out. The Officers then entered the elevator, with one officer pausing and turning his head to watch Peck enter his apartment.

Using this information, the Officers obtained a warrant to search Peck's apartment. During the ensuing search, they found marijuana, anabolic steroids, numerous guns, drug paraphernalia, and a bump stock device.

In August 2020, a grand jury returned an indictment charging Peck with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of a firearm in furtherance of a drug trafficking scheme in violation of 18 U.S.C.

§ 924(c)(1)(A). The § 922(g)(1) count was predicated on a prior Nebraska conviction for possession of more than a pound of marijuana.

Peck filed his first suppression motion in April 2021, alleging that the Officers intruded upon Peck's curtilage by having Nacho sniff his apartment door. While that motion was pending, federal agents, relying on the fruits of the search of Peck's apartment, received a new warrant to search Peck's cell phone. A grand jury later returned a superseding indictment adding a count under 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, for conspiracy to distribute and possess with intent to distribute less than 50 kilograms of marijuana. Peck filed a motion to suppress the evidence recovered from his cell phone on the same grounds he raised in his first suppression motion. Peck also moved to dismiss the § 922(g)(1) count, arguing that the statute was unconstitutional as applied to him.

The district court[1] denied all three motions. As to the suppression motions, the court concluded that using Nacho to sniff the area around Peck's apartment door did not trespass on his curtilage and that, regardless, suppression of the evidence seized from both warrants was inappropriate under the good-faith exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897, 922–24 (1984). The court also concluded that, despite the fact that his conviction for possession of marijuana was nonviolent, applying § 922(g)(1) to Peck's later possession of a firearm did not violate the Second Amendment.

Peck pleaded guilty to two of the charges, and the district court sentenced him to 46 months of imprisonment: 13 months on the possession count and 33 months on the § 922(g)(1) count, the terms to run consecutively.

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

II.

A.

Peck argues that the area around his apartment door was his curtilage and that the Officers' warrantless use of a dog to sniff that area for drugs violated his Fourth Amendment rights under <u>Florida v. Jardines</u>, 569 U.S. 1 (2013). The government argues that regardless of whether the dog sniff constituted a search, the good-faith exception announced in <u>Leon</u> applies, and suppression of evidence found in Peck's apartment and cell phone is inappropriate.[2] We agree that we need not address the constitutionality of Nacho's sniff because the good-faith exception applies.

The Supreme Court has "held that the exclusionary rule does not apply when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." <u>Davis v. United States</u>, 564 U.S. 229, 238–39 (2011) (quoting <u>Leon</u>, 468 U.S. at 922). Under this good-faith exception to the warrant requirement, evidence is only suppressed if:

> (1) the affiant misl[ed] the issuing judge with a knowing or reckless false statement; (2) the issuing judge wholly abandoned her judicial role; (3) the supporting affidavit was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or (4) the warrant was 'so facially deficient' that the executing officer could not reasonably presume its validity.

<u>United States v. Perez</u>, 46 F.4th 691, 697 (8th Cir. 2022) (alteration in original) (quoting <u>United States v. Notman</u>, 831 F.3d 1084, 1089 (8th Cir. 2016)). We review a district court's application of the good-faith exception to the warrant requirement de novo. <u>United States v. Hessman</u>, 369 F.3d 1016, 1019 (8th Cir. 2004).

---

[2]Both of Peck's suppression motions stand on the constitutionality of the Officers' actions in the apartment hallway, so we analyze them together.

We have confronted issues substantially similar to Peck's in two recent cases and have held that the Leon exception applies because "[i]t was reasonable for the officers to rely on our then-applicable precedent that dog sniffs at an interior apartment door are permissible." Perez, 46 F.4th at 698; see also United States v. Hines, 62 F.4th 1087, 1092–93 (8th Cir. 2023). In Perez and Hines, we recognized that, prior to Jardines, our Court rejected a challenge to the use of drug dogs to sniff an apartment-dweller's front door off a common hallway. Perez, 46 F.4th at 697 (citing United States v. Scott, 610 F.3d 1009, 1016 (8th Cir. 2010)); see also Hines, 62 F.4th at 1092. And though the Supreme Court later held in Jardines that bringing a drug dog onto someone's front porch to sniff into their home intruded on the homeowner's curtilage, 569 U.S. at 6–7, we have still "neither expressly overruled Scott nor explained how Jardines applies to apartment doors in a common hallway." Perez, 46 F.4th at 697–98; Hines, 62 F.4th at 1092–93.

Peck's argument fails for the same reason. When Milone, Vaughn, and Andersen visited Peck's apartment complex in 2020, it was objectively reasonable for them to rely on Scott and use a drug dog to sniff Peck's apartment door. Nor does any fact meaningfully distinguish Peck's case from the circumstances present in Perez and Hines; for example, there is no evidence in the record that Nacho's nose went under Peck's door or that the Officers otherwise effected a physical trespass into his apartment.

Peck also argues that the Leon exception should not apply because the Officers each testified they knew nothing about the Supreme Court's holding in Jardines at the time of their first visit to Peck's apartment. But because "[t]he applicable standard is an objective—not subjective—one," the Officers' personal knowledge or poor training is irrelevant to the good-faith exception's applicability. Hines, 62 F.4th at 1093, 1093 n.6. Accordingly, we affirm the denial of Peck's suppression motions.

## B.

Peck also argues that his § 922(g)(1) count should be dismissed because it violated the Second Amendment as applied to him. Specifically, he argues that because his prior conviction for marijuana possession is nonviolent, the Second Amendment prohibits punishing his later possession of a firearm. Peck's argument is foreclosed by our precedent. We recently rejected an as-applied challenge to § 922(g)(1) in which the defendant had prior nonviolent drug offenses. United States v. Jackson, 110 F.4th 1120, 1125 (8th Cir. 2024). In Jackson, we noted that "history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society" and concluded that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." Id. at 1125–27. We rejected the idea that the Supreme Court's decisions in United States v. Rahimi, 602 U.S. 680 (2024), or New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), did anything to change this conclusion. Id. at 1125.

Accordingly, we affirm the judgment of the district court.

KELLY, Circuit Judge, concurring.

I agree that the district court properly denied both motions to suppress under the good-faith exception. However, I would further address the Fourth Amendment issue and conclude, as I have written elsewhere, that the area immediately surrounding Peck's front door was curtilage. See United States v. Perez, 46 F.4th 691, 704–07 (8th Cir. 2022) (Kelly, J., concurring). On that view, I would find that Nacho's sniff violated Peck's Fourth Amendment rights. I otherwise join the court's opinion in full.

———————————————