[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2005
THOMAS K. KAHN
CLERK

No. 05-12061
Non-Argument Calendar

_____

D. C. Docket No. 04-00022-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEVELAND WEBSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 15, 2005)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Cleveland Webster appeals his 188-month sentence for possession with

intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On appeal,

Webster argues that the district court violated his due process rights when it classified him as a career offender and enhanced his sentence under U.S.S.G. § 4B1.1.[1] After review, we affirm Webster's sentence.

At sentencing, the district court concluded that Webster qualified as a career offender based on Webster's 1982 conviction for burglary and his 1989 conviction for robbery by force and motor theft. Webster's appeal addresses only his 1982 burglary conviction.

On appeal, Webster contends that the district court's reliance on his 1982 burglary conviction violated his due process rights under the Fifth and Fourteenth Amendments because (1) Webster was 16 years old when he committed that offense and 17 years old when he was convicted and (2) the conviction was over 21 years old at the time of sentencing for the instant offense. In the district court, Webster did not argue that use of the 1982 burglary conviction violated his due process rights. Rather, Webster argued that it was improper to count his 1982 burglary conviction for purposes of determining his career offender status because he had received ineffective assistance of counsel during those proceedings. Therefore, he brings this due process challenge for the first time on appeal.[2]

---

[1] All citations are to the 2004 version of the Sentencing Guidelines

[2] Webster does not raise on appeal other arguments he made to the district court at sentencing – that his career offender sentence overstated his criminal history and was per se unreasonable under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and that the use of his 1994 conviction

We generally review questions of law arising under the Sentencing Guidelines de novo. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). However, where, as here, the defendant did not raise the objection below, we review for plain error. We correct plain error only when: (1) there is error; (2) the error is plain; (3) it affects the defendant's substantial rights; and (4) it seriously affects the fairness, integrity or public reputation of the judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). In Webster's case, we find no error, plain or otherwise.

A defendant is classified as a career offender under the guidelines "if (1) the defendant was at least eighteen years old at the time the defendant committed the offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Webster does not dispute that he meets the three requirements set forth in U.S.S.G. § 4B1.1(a). That is, he does not dispute that he was over 18 years old at the time he committed the instant offense,

_____

for purposes of determining his career offender status violated his due process rights – and we do not address them. See United States v. Scott, 426 F.3d 1324, 1328 (11th Cir. 2005) (failing to raise issue on appeal results in abandonment of claim).

3

that the instant conviction is a felony, controlled substance offense and that his 1982 burglary conviction is a crime of violence.[3] Rather, Webster contends that, because he was under 18 years old when he committed and was convicted of the 1982 burglary and because that conviction is over 21 years old, its use in classifying him as a career offender violates his due process rights.

Webster does not cite any authority to support his claim that due process prohibits sentencing enhancements based on prior convictions where either the defendant was a minor when convicted or the conviction is more than 21 years old. Due process requires that a sentencing scheme be rational and not based on an arbitrary distinction. Chapman v. United States, 500 U.S. 453, 465, 111 S. Ct. 1919, 1927 (1991). The longstanding practice of enhancing sentences based on recidivism has withstood many constitutional challenges, including those based on due process. See Parke v. Raney, 506 U.S. 20, 27, 113 S. Ct. 517, 522 (1992) (noting that the Supreme Court has repeatedly upheld recidivism statutes in the face of constitutional challenges). The few courts to have addressed the issue of whether due process requires age limitations on prior convictions used to enhance

_____

[3] A "crime of violence" is defined as an offense punishable by a term of imprisonment exceeding one year that either has as an element the use or attempted or threatened use of physical force against another person "or is a burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of injury to another." U.S.S.G. § 4B1.2(a)(1)-(2).

4

sentences have answered this question in the negative. See, e.g., United States v. Bredy, 209 F.3d 1193, 1197-98 (10th Cir. 2000) (collecting cases). We agree with these courts and conclude that imposing a sentencing enhancement based on a prior conviction that is over 21 years old is not arbitrary and does not violate substantive due process.

Likewise, due process is not implicated merely because Webster committed and was convicted of the predicate offense while a juvenile. This Court has held that, absent some evidence that a defendant was not afforded fundamental fairness in juvenile proceedings, the use of a defendant's juvenile conviction to enhance his sentence does not violate his due process rights. See McCullough v. Singletary, 967 F.2d 530, 532-34 (11th Cir. 1992). Examples of circumstances that might show that the defendant was not afforded fundamental fairness include evidence that the defendant was denied notice of the charges pending against him, that he was denied the right to confront and cross-examine witnesses, that he was forced to incriminate himself or that he was denied a jury trial. Id. at 532.

Here, Webster was prosecuted as an adult, not as a juvenile, for the 1982 burglary conviction, with representation by counsel and the other protections afforded in adult criminal prosecutions. Furthermore, Webster has presented no evidence to suggest that he was not afforded fundamental fairness during those

5

proceedings. In sum, we see no basis for concluding that the district court violated due process by imposing § 4B1.1(a)'s career offender enhancement based in part on Webster's 1982 burglary conviction.

Webster also argues that the district court abused its discretion when it denied his request for a continuance at sentencing so he could pursue a state court habeas challenge to the 1982 burglary conviction. We review the district court's denial of a request for continuance for abuse of discretion. United States v. Bowe, 221 F.3d 1183, 1189 (11th Cir. 2000). To establish that a denial of a continuance was reversible error, a defendant must show that the denial caused "specific substantial prejudice." United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995).

Webster has failed to show that the district court abused its discretion when it denied his motion for continuance so that he could pursue a collateral challenge to his 1982 burglary conviction in state court. Webster requested a continuance for an unspecified period of time, professed a desire to mount a collateral attack more than twenty years after the fact without demonstrating a plan for doing so successfully, and gave the district court no reason to believe such a challenge could be accomplished in a reasonable period of time. Additionally, Webster has failed to articulate any specific, substantial prejudice he may suffer because of the denial

6

of his motion for continuance.  Based on the foregoing, the denial of a continuance did not constitute an abuse of discretion.

**AFFIRMED.**