# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-2270

_____

| | | |
|---|---|---|
| Elzie Woods; Felecia Patterson, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Arkansas Department of Correction; Drew Barker, Leroy Brownlee, Bill Ferren, Alonza Jiles, Benny Magness, Kelly Pace, and Dr. Mary Parker, members of the Arkansas Board of Correction, each in his/her individual and official capacity; Gaylon Lay, Warden, in his individual and official capacity; Larry Norris, Director, Arkansas Department of Correction, in his individual and official capacity, | * | |
| | * | [UNPUBLISHED] |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 14, 2009
Filed: May 21, 2009

_____

Before BYE and GRUENDER, Circuit Judges, and KAYS,[1] District Judge.
_____

PER CURIAM.

Elzie Woods and Felecia Patterson appeal the district court's[2] grant of summary judgment in favor of the Arkansas Department of Correction (the "ADC"), members of the Arkansas Board of Correction, Director Larry Norris, and Warden Gaylon Lay (collectively, "the defendants") on Woods's and Patterson's claims of race and gender discrimination, retaliation, hostile work environment, and equal protection and procedural and substantive due process violations. Woods and Patterson also appeal the district court's decision to decline to exercise supplemental jurisdiction over their defamation claim under Arkansas law. We affirm.

Elzie Woods, an African-American man, worked as a kitchen supervisor in the ADC's Cummins Unit. In October 2005, inmate Brian Morris informed Warden Lay that Woods sold him marijuana. Lay referred Morris's allegation to investigators with the ADC's Internal Affairs Division (the "IAD") for further inquiry. After administering a Computerized Voice Stress Analysis ("CVSA") test[3] to Morris, which indicated that he was not deceptive about his allegation, IAD investigators administered a CVSA test to Woods. Woods's test results indicated that he was deceptive when he denied selling marijuana to Morris. After Woods's test, inmate Gregory McElroy informed IAD investigators that Woods had sold him tobacco. McElroy also took a CVSA test, and his test results indicated that he was not

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[3]A CVSA test is a form of polygraph that reports on whether an individual's answers to posed questions are "deceptive" or "not deceptive."

deceptive about his allegation. Thereafter, ADC officials confronted Woods with the IAD investigation results, provided him with an opportunity to refute the allegations, and later terminated his employment for trafficking and trading with inmates Morris and McElroy.

Felecia Patterson, an African-American woman, worked as a corrections officer with the rank of sergeant in the ADC's Cummins Unit. In January 2006, inmate Michael Gardner informed an ADC official that he had observed Patterson having sex with inmate Jeremy Davis. Lay referred Gardner's allegation to IAD investigators for further inquiry. After administering a CVSA test to Gardner, which indicated that he was not deceptive concerning his allegation, IAD investigators administered a CVSA test to inmate Davis. Davis's test results indicated that he was deceptive when he denied touching Patterson inappropriately and when he denied having sex with Patterson. Thereafter, IAD investigators interviewed Patterson and administered a CVSA test to her. Patterson's test results indicated that she was deceptive when she denied having "sexual physical contact" with Davis but that she was not deceptive when she denied having sexual intercourse with Davis. Thereafter, ADC officials confronted Patterson with the results of the IAD investigation, provided her with an opportunity to refute the allegation, and later terminated her employment for engaging in sexual contact with an inmate. However, the State Employee Grievance Appeal Panel subsequently overturned the ADC's decision and reinstated Patterson.

Woods and Patterson sued the defendants under 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, claiming race and gender discrimination, retaliation, hostile work environment, defamation, and violations of their equal protection and procedural and substantive due process rights. Woods and Patterson based their race and gender discrimination, hostile work environment, equal protection, and procedural and substantive due process claims on allegations that the defendants (1) handled misconduct allegations and CVSA testing differently for similarly situated Caucasian and male employees—namely Susan

Lenartowick, John Thompson, and Michael Sullivan; and (2) violated Arkansas law and the ADC's operating procedures by permitting unlicensed persons to administer CVSA tests. Woods based his retaliation claim on his allegation that the defendants terminated his employment because he testified on behalf of a co-worker in a sexual harassment lawsuit against the defendants. Woods and Patterson based their defamation claim on the alleged injury to their reputations incurred each time they were required to explain their employment discharges.

The defendants moved for summary judgment on all of Woods's and Patterson's claims. The district court granted the defendants' motion as to the federal claims, concluding that there was no genuine issue of material fact as to any of the claims and that the defendants were entitled to judgment as a matter of law. The court also declined to exercise supplemental jurisdiction over the remaining state-law defamation claim, dismissing it without prejudice.

In this appeal, Woods and Patterson raise the same arguments that they made to the district court in opposing the defendants' summary judgment motion. First, they argue that their discrimination claims should have survived summary judgment because the defendants treated Caucasian and male employees more favorably and because the CVSA tests were conducted in violation of Arkansas law and the ADC's operating policies. Second, Woods argues that his retaliation claim should be reinstated because his protected conduct occurred before his termination, thereby showing that the defendants retaliated against him. Third, Woods and Patterson claim that summary judgment was improper as to their hostile work environment claim because "the continuous discharge of African-American veteran officers with good work records is evidence of the defendants' hostility toward African-Americans." Fourth, they assert that their substantive and procedural due process claims should be reinstated because the IAD investigators' administration of the CVSA tests "shocks the conscience" and because the ADC published false reasons for their discharges.

Fifth, Woods and Patterson argue that they have demonstrated proof of each element of a claim of defamation under Arkansas law.

We review a district court's grant of summary judgment de novo, affirming if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006). We review a district court's decision to decline to exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367(c)(3) for an abuse of discretion. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006).

Having carefully reviewed the record, the applicable legal authorities and the thorough and well-reasoned opinion of the district court, we agree with the district court that Woods and Patterson did not raise a genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law. We agree with the district court's conclusions that: (1) none of the proffered comparators were similarly situated in all relevant respects to either Woods or Patterson (race and gender discrimination claim), *see Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005); (2) the non-conforming CVSA tests were applied to employees of all races and genders (race and gender discrimination claim), *see Dionne v. Shalala*, 209 F.3d 705, 709-10 (8th Cir. 2000); (3) the ten-month period between Woods's protected conduct and the termination of his employment was too attenuated, without more, to establish a causal connection between the events (retaliation claim), *see Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1149 (8th Cir. 2008); (4) Woods's and Patterson's evidence failed to show that they were singled out for severe or pervasive mistreatment based on their membership in protected classes (hostile work environment claim), *see Hervey v. County of Koochiching*, 527 F.3d 711, 721 (8th Cir. 2008), *cert. denied*, 555 U.S. ---, 129 S. Ct. 1003 (2009); (5) Woods's and Patterson's proffered comparators were not similarly situated in all relevant respects (equal protection claim), *see King v. Hardesty*, 517 F.3d 1049, 1063 (8th Cir. 2008); (6) the IAD investigations and CVSA tests, as described by Woods and Patterson, were not

truly irrational or conscience shocking (substantive due process claim), *see Riehm v. Engelking*, 538 F.3d 952, 963 n.6 (8th Cir. 2008); and (7) Woods's and Patterson's evidence failed to show that the defendants publicly made false statements during the course of the CVSA testing or termination proceedings (procedural due process claim), *see Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 803 (8th Cir. 2004). Similarly, we do not find that the district court abused its discretion in declining to exercise supplemental jurisdiction over the remaining state-law defamation claim after all the federal claims had been dismissed. *See Gibson*, 433 F.3d at 647. Accordingly, we affirm for the reasons set forth in the district court's opinion. *See* 8th Cir. R. 47B.

_____