# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3362
_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lee Smith

*Defendant - Appellant*

_____

No. 19-3520
_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lee Smith

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Joplin

_____

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Appeal No. 19-3520

Gary Lee Smith appeals the district court's order imposing a new condition of supervised release. Smith was convicted in 2003 of producing, transporting, and reproducing child pornography in violation of 18 U.S.C. §§ 2251(a), 2252(a)(1), and 2252(a)(2). The district court sentenced him to 235 months in prison, followed by 5 years of supervised release. This court affirmed. *United States v. Smith*, 367 F.3d 748, 751 (8th Cir. 2004). The district court denied his motion under 28 U.S.C. § 2255. *Smith v. United States*, 2006 WL 2338254, at *1 (W.D. Mo. Aug. 14, 2006), *aff'd,* 256 Fed. Appx. 850, 851 (8th Cir. 2007), *cert. denied,* 552 U.S. 1270 (2008). In 2019, Smith violated three conditions of supervised release. The district court[1] imposed a new condition requiring polygraph testing. Smith appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Smith began supervised release on August 30, 2019. Within weeks, the probation officer reported he had violated three conditions of supervised release, to (1) not commit another crime; (2) answer truthfully all inquiries by the officer and follow the officer's instructions; and (3) adhere to state registration and notification procedures for sexual offenders. According to the officer, Smith tried to contact his

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

daughter over social media, by Twitter and Pinterest. He was permitted to access computers only at the workforce center, not for social media purposes. By not registering his Pinterest account as required by state law, he committed a felony. The officer presented him with a waiver to add nine special conditions about computer use and internet access, including a polygraph testing requirement. Smith refused to sign the waiver and requested a hearing.

At the hearing, Smith denied the violations, introduced no evidence, but stipulated that the probation officer would testify consistently with the violation report. The district court found Smith committed the violations. The court imposed the nine special conditions that the officer offered Smith. He specifically objected to the condition to "successfully participate in a program of polygraph testing to assist in treatment and/or monitoring, as directed by the Probation Office." He acknowledged that "it is a common thing for polygraph testing to be added to conditions of supervision for certain defendants." However, he asserted that "polygraph testing is inherently unreliable," "more of a stress monitor" than a "truth monitor." He did not believe polygraph testing was "a valid supervision tool."

After considering the factors in 18 U.S.C. § 3553(a), a district court may enlarge conditions of supervised release. **18 U.S.C. § 3583(e)(2)**. A special condition must be (1) reasonably related to the factors in 18 U.S.C. § 3553(a); (2) no greater deprivation of liberty than reasonably necessary for the purposes in 18 U.S.C. § 3553(a); and (3) consistent with any pertinent policy statements by the Sentencing Commission. *Id.* **§ 3583(d)**; *United States v. Thompson*, 888 F.3d 347, 351 (8th Cir. 2018).

Smith argues that the special polygraph condition is not reasonably related to any factors in § 3553(a). "This court reviews the imposition of special conditions of supervised release for abuse of discretion." *United States v. Stelmacher*, 891 F.3d 730, 733 (8th Cir. 2018). "District courts are encouraged to provide an explanation

of how the conditions satisfy the requirements of § 3583(d), but where the basis for the special conditions can be discerned from the record, reversal is not required." *United States v. Simpson*, 932 F.3d 1154, 1156 (8th Cir. 2019) (citing cases).

Here, although the district court did not explain how polygraph testing is reasonably related to the § 3553(a) factors, the basis can be discerned from the record. Smith was convicted of producing, transporting, and reproducing child pornography. As he acknowledges, "it is a common thing for polygraph testing to be added to conditions of supervision for certain defendants." *See United States v. Muhlenbruch*, 682 F.3d 1096, 1103 (8th Cir. 2012) (holding that a polygraph condition was reasonably related to the offense of receiving child pornography); **18 U.S.C. § 3553(a)(1)** (nature and circumstances of the offense).

At Smith's original sentencing, he showed no remorse and recidivism. His comments "blaming the victim and everybody but" himself "troubled" the district court. The court found Smith showed "incorrigibility" by continuing to commit sexual misconduct with minors even after his trial. The court found Smith was "repeating this conduct and not having learned any type of lesson from it, not any indication of any realization that the conduct is wrong." The court said four times it was "concerned" by this post-trial "uncharged conduct," noting "graphic" and "certainly disturbing" evidence. Smith's remorselessness and incorrigibility support polygraph testing. *See* **18 U.S.C. § 3553(a)(1)** (history and characteristics of defendant); **§ 3553(a)(2)(C)** (protect public from further crimes). *See also Muhlenbruch*, 682 F.3d at 1103 (upholding polygraph condition because defendant falsely denied at trial he had downloaded child pornography).

Smith's behavior during supervised release, reported by his probation officer, supports the polygraph condition. After Smith initially went to the residential reentry center, he had to return to prison "due to reports that he was speaking to other inmates about child pornography" and "saving encrypted files" on the computers there.

-4-

Within a month of his latest release, he created a Pinterest account and failed to register it, violating state law. He was "contentious" with his probation officer "regarding his conditions of release." He was "argumentative when advised that he will not be permitted to secure employment where he has access to unmonitored computers." He "routinely stated he is smarter than staff at the Residential Reentry Center." Smith's unwillingness to obey rules restricting his access to child pornography shows that polygraph testing is necessary to protect the public from further crimes. *See* **18 U.S.C. § 3553(a)(2)(C)**. *See also Simpson*, 932 F.3d at 1156 (upholding polygraph condition because defendant repeatedly said he did not intend to obey the terms of supervised release, repeatedly disobeying them); *United States v. Wiedower*, 634 F.3d 490, 494 (8th Cir. 2011) (upholding polygraph condition because defendant was convicted of possessing child pornography and "was not being candid about his level of involvement").

Smith's sex-offender evaluation (another condition of his supervised release) recommended he participate in polygraph testing. The testing will assist with his correctional treatment. *See* **18 U.S.C. § 3553(a)(2)(D)**. Polygraph testing supports the Sentencing Commission's policy that sex offenders participate in a program for treatment and monitoring. *See* **U.S.S.G. § 5D1.3(d)(7)(A)**; *United States v. Wright*, 2020 WL 2123326, at *3 (8th Cir. May 5, 2020). *See also* **18 U.S.C. § 3553(a)(5)** (policy statements).

Smith also contends that the district court should have required that polygraph testing be proven, legitimized, or otherwise validated as an effective tool. However, Smith's polygraph testing is for treatment, not for evidence at trial or sentencing. *Cf. United States v. Bagola*, 796 F.3d 903, 908 (8th Cir. 2015) (noting that polygraph evidence is disfavored in trials); *Ortega v. United States*, 270 F.3d 540, 547 (8th Cir. 2001) (rejecting polygraph evidence at sentencing).

Smith's special condition requiring polygraph testing is reasonably related to the factors in § 3553(a). The district court did not abuse its discretion in imposing it.

Appeal No. 19-3362

Smith appeals the district court's denial of his motions for relief from several decisions by the probation office, and for financial assistance. On appeal, Smith presents no argument about these motions, and thus waives any challenges to them. *See* **Fed. R. App. P. 28(a)(8)**; ***Rotskoff v. Cooley***, 438 F.3d 852, 854 (8th Cir. 2006) (holding that party waived an issue because it was not developed in his briefs).

\* \* \* \* \* \* \*

The judgments are affirmed.

_____