# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3212

_____

United States of America

*Plaintiff - Appellee*

v.

Duianete Moore

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2021
Filed: October 14, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Duianete Moore pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and possession of a firearm by a convicted felon, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] deemed Moore a career offender and sentenced him to a within-guidelines term of imprisonment of 264 months. See U.S.S.G. § 4B1.1(a). Moore appeals, asserting the district court erred when it used two prior state convictions for crimes committed when he was 16 years old to deem him a career offender. Moore, although a juvenile, was classified as an adult for both convictions applying Missouri's statutory process.

We review *de novo* whether a defendant qualifies as a career offender. United States v. Ojeda-Estrada, 577 F.3d 871, 875 (8th Cir. 2009). For career offender purposes, a prior felony conviction includes "[a] conviction for an offense committed prior to age eighteen . . . if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 4B1.2 cmt. n.1. The district court correctly applied the career offender enhancement. See United States v. McNeil, 90 F.3d 298, 299-300 (8th Cir. 1996) (holding an adult conviction at age 17 was a career offender predicate).

We also reject Moore's constitutional claims. United States v. Trimble, 2 F.4th 771, 773 (8th Cir. 2021) (*de novo* review); United States v. Jones, 574 F.3d 546, 553 (8th Cir. 2009) ("[T]he Eighth Amendment does not prohibit using an adult conviction based on juvenile conduct to increase a sentence."); United States v. Webster, 159 F. App'x 134, 136 (11th Cir. 2005) (unpublished per curiam) ("[D]ue process is not implicated merely because [a defendant] committed and was convicted of the predicate offense while a juvenile."); United States v. Doxey, 833 F.3d 692, 710 (6th Cir. 2016) ("[E]very court . . . has rejected the argument . . . that a defendant's career offender status violates equal protection guarantees, insofar as the predicate offenses include state convictions obtained before the defendant was eighteen years old." (collecting cases)). Finally, Moore waived the argument that the commentary impermissibly expands the scope of the career offender guideline.

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

See <u>Jenkins v. Winter</u>, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").

We affirm the judgment of the district court.

_____