# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2658
_____

United States of America

*Plaintiff - Appellee*

v.

Mario Gibson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 20, 2021
Filed: January 6, 2022
[Unpublished]
_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

Mario Gibson appeals the revocation of his supervised release, claiming he was compelled to disclose violations of his supervised release to his probation officer in violation of the Fifth Amendment. Because the Fifth Amendment is not implicated in a revocation hearing, we affirm.

Gibson pleaded guilty to possession of marijuana and cocaine with intent to distribute. Afterward, while he was on supervised release, police arrested him for possessing about 36 grams of cocaine. The terms of his supervised release required Gibson to "notify the probation officer within seventy-two hours of being arrested" as well as to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." Gibson called his probation officer and told her about the arrest, admitting that he consumed alcohol and possessed cocaine. The probation officer testified about the call at the revocation hearing, and the district court[1] relied in part on the call to revoke Gibson's supervised release.

"We generally review the district court's decision to revoke supervised release for an abuse of discretion and subsidiary factfinding as to whether or not a violation [of the terms of supervised release] occurred for clear error." United States v. Trimble, 2 F.4th 771, 773 (8th Cir. 2021) (citation omitted). "We review *de novo* questions of law arising under the Constitution." Taylor v. Crawford, 487 F.3d 1072, 1078 (8th Cir. 2007) (citation omitted). Under the Fifth Amendment, if someone is compelled to answer an incriminating question, "his answers are inadmissible against him in a later criminal prosecution." Minnesota v. Murphy, 465 U.S. 420, 426 (1984) (citation omitted).

But revocation hearings are not criminal prosecutions, so they do not trigger the Fifth Amendment protection against self-incrimination. See Murphy, 465 U.S. at 435 n.7 ("Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding . . . . Just as there is no right to a jury trial before probation may be revoked, neither is the privilege against compelled self-incrimination available to a probationer.") (citation omitted). Because Gibson was not entitled to the privilege against self-incrimination at the revocation hearing, we agree with the district court that Gibson's statements were admissible. The judgment of the district court is affirmed.

_____

_____

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.