# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3688

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Butler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 15, 2021
Filed: March 3, 2022
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Eric Butler was convicted of using a facility of interstate commerce to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court[1] sentenced Butler to a 135-month term of imprisonment to be

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

followed by a 20-year term of supervised release. One of his special conditions of supervised release requires Butler to submit to periodic polygraph testing at the discretion of the probation officer to ensure Butler is complying with the supervision conditions and treatment program. Butler appeals, claiming the sentence is substantively unreasonable and the polygraph testing condition involves a greater deprivation of liberty than is reasonably necessary.

In September 2019, Butler responded to a Craigslist advertisement from a purported 13-year-old-girl in town for a couple days and looking for someone to show her around. The post was part of an undercover online child exploitation sting operation that took place during the Bikes, Blues, and BBQ motorcycle rally held annually in Northwest Arkansas. When Butler arrived at the pre-arranged meeting location for the purpose of engaging in a sexual encounter with the 13-year-old, law enforcement arrested him. Butler gave a false name to the officers. At the sentencing hearing, the district court noted Butler's history of using false identities to facilitate crimes. Butler's advisory Sentencing Guidelines range was 120 to 150 months, based upon a total offense level of 27 and criminal history category V. After considering all of the aggravating and mitigating circumstances that had been presented, the district court sentenced Butler to a within-Guidelines term of 135 months' imprisonment. The mid-range sentence was due to the court's substantial concern about public safety, both in terms of the likelihood that Butler will reoffend and his inability to be deterred.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). The district court's decision to assign greater weight to some aggravating factors than to mitigating factors is "well within its wide sentencing latitude." United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012). Because we presume a term of imprisonment within the advisory Guidelines range is reasonable, United States v. Mitchell, 2 F.4th 786, 790 (8th Cir. 2021), and Butler has not rebutted the presumption or otherwise shown the district improperly weighed the sentencing factors, we find no abuse of discretion.

Butler also contends in a supplemental brief that a 20-year term of supervised release, despite being statutorily authorized, is substantively unreasonable.  See Holguin-Hernandez v. United States, 589 U.S. ___, 140 S. Ct. 762, 766-67 (2020) (explaining that a defendant need only advocate for a shorter sentence to preserve substantive reasonableness challenge to the sentence).  Butler claims that the district court recognized but did not properly weigh mitigating factors and erred by deciding not to vary upward on the term of imprisonment and instead imposing a longer period of supervised release.  The longer period of supervised release was in reference to what the district court might otherwise have ordered or had ordered in other similar cases.  A number of factors, including the nature of the instant offense, Butler's prior convictions for stalking and domestic assault, Butler's history of noncompliance while on probation resulting in at least four revocations, and Butler's long-standing mental health issues, strongly suggest the district court was reasonable in determining that a substantial period of oversight following completion of his prison term was consistent with the sentencing goals in 18 U.S.C. § 3553(a).  The district court acted well within its sentencing discretion and did not impose a substantively unreasonable term of supervised release.  See United States v. Lowry, 595 F.3d 863, 867 (8th Cir. 2010) (affirming 30-year term of supervision following conviction for failing to register as a sex offender when defendant had a history of registration violations).

We review the conditions of supervised release imposed by the district court for abuse of discretion.  United States v. Smith, 960 F.3d 1107, 1109 (8th Cir. 2020) (citation omitted).  A district court may impose a supervised release condition if it: (1) is reasonably related to the 18 U.S.C. § 3553(a) factors; (2) involves no greater deprivation of liberty than reasonably necessary for the purposes in 18 U.S.C. § 3553(a); and (3) is consistent with any pertinent policy statements by the Sentencing Commission.  18 U.S.C. § 3583(d).  We have determined that "[p]olygraph testing supports the Sentencing Commission's policy that sex offenders participate in a program for treatment and monitoring," Smith, 960 F.3d at 1110, and that a defendant's lack of candor is an appropriate consideration when imposing a polygraph requirement during the period of supervision, United States v. Newell,

915 F.3d 587, 590-91 (8th Cir. 2019). Here, the district court noted Butler's "demonstrable history of lying, cheating, and stealing." Given the nature of the offense combined with Butler's documented history of lying, the district court did not abuse its discretion in imposing the polygraph testing condition.

We affirm the judgment of the district court.

_____