# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2768
_____

United States of America

*Plaintiff - Appellee*

v.

Randall Allen Herbst

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 13, 2022
Filed: July 21, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Randall Allen Herbst is on supervised release in connection with his conviction for attempted enticement of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Herbst's original terms of supervised release included a provision permitting a polygraph examination as part of his sex offender treatment program. During a June 2020 pre-polygraph interview, Herbst disclosed

a previous heart bypass surgery, which required a medical release prior to polygraphing. A physician was unwilling to provide an opinion about Herbst's fitness to participate in polygraph examinations due to his cardiovascular issues, citing a lack of experience with polygraphs. The district court[1] modified Herbst's supervised release condition to allow Computerized Voice Stress Analyzer ("CVSA")[2] examinations in lieu of the polygraphs. Herbst challenges the modification, arguing CVSA testing does not reasonably relate to the 18 U.S.C. § 3583(e) factors due to its inaccuracy.

District courts have broad discretion to modify conditions of supervised release. United States v. Trimble, 969 F.3d 853, 856 (8th Cir. 2020). We review a modification of a supervised release condition for abuse of discretion. United States v. Newell, 915 F.3d 587, 589 (8th Cir. 2019).

The Second Circuit is the only federal circuit to have specifically addressed the propriety of CVSA examinations as a condition of supervised release. It upheld the use of such examinations on the ground that the testing may further the sentencing objectives of rehabilitation and deterrence. United States v. Parisi, 821 F.3d 343, 349 (2d Cir. 2016) (per curiam); see United States v. Maggese, 785 F. App'x 879, 881-82 (2d Cir. 2019) (observing that CVSA's purported unreliability did not preclude the district court from finding it is reasonably related to the sentencing factors). We have adopted similar reasoning in upholding polygraph examinations generally. See United States v. Smith, 960 F.3d 1107, 1110 (8th Cir. 2020) (explaining polygraph testing need not be proven, legitimized, or validated as an effective tool when used for treatment).

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

[2]CVSA is a type of polygraph that reports whether a person's answers to "questions are 'deceptive' or 'not deceptive.'" Woods v. Ark. Dep't of Corr., 329 F. App'x 688, 691 n.3 (8th Cir. 2009) (unpublished per curiam).

Because Herbst's medical condition prevented him from participating in a sex offender treatment program with polygraph examinations, the district court reasonably concluded that CVSA was an alternative that created similar candor incentives. The condition was reasonably related to the pertinent 18 U.S.C. § 3553(a) factors, specifically including the nature of the offense, the need to protect the public, and the need to provide appropriate correctional treatment. The modification here involves no greater deprivation of liberty than is reasonably necessary and supports the Sentencing Commission's policy that sex offenders participate in a program approved by probation for treatment and monitoring. See U.S.S.G. § 5D1.3(d)(7); Smith, 960 F.3d at 1110. We find no abuse of discretion in modifying the special condition to permit CVSA examinations.

We affirm the judgment of the district court.

_____