# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2493

_____

United States of America

*Plaintiff - Appellee*

v.

James Sullivan

*Defendant - Appellant*

_____

No. 22-2494

_____

United States of America

*Plaintiff - Appellee*

v.

James Sullivan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 9, 2023
Filed: April 10, 2023
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

After James Sullivan refused to permit a visit from and truthfully answer questions by his probation officer, the district court[1] revoked his supervised release. Sullivan appeals the revocation and a special condition imposed by the district court. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Sullivan's supervised release stems from two prior convictions: In 2012, Sullivan pled guilty to one count of distributing heroin within 1,000 feet of a school and was sentenced to 30 months' imprisonment and 6 years' supervised release. In 2014, Sullivan pled guilty to one count of possessing child pornography and was sentenced to 110 months' imprisonment[2] and 8 years' supervised release. Sullivan began his term of supervised release on April 30, 2021.

In June 2022, the United States Probation Office received a notification that Sullivan had allegedly shared sexually explicit pictures with minors. In response, Sullivan's probation officer attempted to conduct a home inspection of Sullivan's residence in accordance with the conditions of his supervised release. A probation officer spoke with Sullivan's father at the residence, who implied that Sullivan was at the residence but that the probation officer was not permitted to talk with him. Afterwards, Sullivan called the probation officer to inform her that he had been in contact with law enforcement. The probation officer asked whether Sullivan was home. In response, Sullivan stated that he was invoking his Fifth Amendment right

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

[2]Sullivan's 110-month term of imprisonment was later reduced to 94 months.

and that the probation officer needed to speak with his attorney. When the probation officer repeated the inquiry, Sullivan provided the same response.

The Probation Office subsequently petitioned the district court to revoke Sullivan's supervised release based on the following violations: (1) failure to allow a visit by a probation officer; (2) failure to truthfully answer inquiries by a probation officer; and (3) contact with a child under the age of 18. An arrest warrant was issued for Sullivan, and he was taken into custody at his residence. At the revocation hearing, Sullivan admitted the first two violations, and the government took no further action with regard to the third. The district court revoked Sullivan's supervised release and sentenced him to 12 months' imprisonment[3] and 7 years' supervised release. In addition, the district court added Special Condition #6 to Sullivan's conditions of supervised release: "The defendant must not access an Internet connected computer or other electronic storage device with [I]nternet capabilities without the prior written approval of the United States Probation Office and based on a justified reason."

On appeal, Sullivan challenges only (1) the revocation of his supervised release, though not the sentence imposed, and (2) the addition of Special Condition #6. We address each in turn.

Sullivan first argues that the district court erred by revoking his supervised release based on his failure to allow a visit by a probation officer and to answer questions truthfully because he had invoked his Fifth Amendment right against self-incrimination in his call to the probation officer. "We generally review the district court's decision to revoke supervised release for an abuse of discretion and 'subsidiary factfinding as to whether or not a violation occurred' for clear error. We review constitutional claims *de novo*." United States v. Trimble, 2 F.4th 771, 773

---

[3]Specifically, the district court sentenced Sullivan to 11 months' imprisonment on his heroin-distribution conviction and 12 months' imprisonment on his possession-of-child-pornography conviction, with the sentences to run concurrently.

(8th Cir. 2021) (citation omitted).  Assuming that Sullivan even preserved this argument after admitting to the violations and failing to raise a Fifth Amendment argument below, his argument is meritless.  See United States v. Charles, 531 F.3d 637, 640 (8th Cir. 2008) (proceeding to review the merits of probationer's constitutional argument though it was not previously raised).

First, Sullivan fails to explain how the Fifth Amendment has any bearing on a probation officer's authority to physically visit a probationer.  Cf. Agnello v. United States, 269 U.S. 20, 33-34 (1925) (recognizing that the *Fourth* Amendment protects against unlawful searches and seizures while the *Fifth* Amendment protects the use of evidence obtained therefrom).

Second, as it relates to his failure to truthfully answer the probation officer's questions, "[t]he Fifth Amendment privilege only applies to statements which could expose [a probationer] to a future criminal prosecution."  Trimble, 2 F.4th at 774 (citing Minnesota v. Murphy, 465 U.S. 420, 435 n.7 (1984)); see also United States v. York, 357 F.3d 14, 24 (1st Cir. 2004) ("Nothing in the Fifth Amendment mitigates the general obligation on probationers to appear and answer questions truthfully."). Here, Sullivan's probation officer merely asked him if he was home, to which Sullivan answered only by invoking his Fifth Amendment right.  But because answering this question would not expose Sullivan to future criminal prosecution, his refusal to answer truthfully finds no protection in the Fifth Amendment.  See York, 357 F.3d at 24 ("Of course, [the defendant] will have a valid Fifth Amendment claim if his probation officers ask, and compel him to answer over his assertion of privilege, a particular question implicating him in 'a crime other than that for which he has been convicted.'  But [the defendant] cannot mount a generalized Fifth Amendment attack on the conditions of his supervised release on the ground that he will be required to answer probation officers' questions truthfully." (quoting Murphy, 465 U.S. at 426)); see also Trimble, 2 F.4th at 773-74 (concluding that the Fifth Amendment did not apply to probationer's statements relating to his conditions of supervised release, such as his contact with minors).  Accordingly, the district

court did not err or otherwise abuse its discretion by revoking Sullivan's supervised release on either of the violations that he admitted.

Sullivan next argues that the district court abused its discretion by adding Special Condition #6 to the conditions of his supervised release when it failed to conduct an individualized inquiry. "We review the imposition of special conditions for abuse of discretion, but if," as here, "the defendant failed to properly object at the sentencing hearing, we review for plain error." United States v. Floss, 42 F.4th 854, 864 (8th Cir. 2022). "To qualify for relief under the plain error standard, [Sullivan] must show that the district court committed an error that is plain, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mayo, 642 F.3d 628, 631 (8th Cir. 2011). 18 U.S.C. § 3583 grants sentencing courts broad discretion in fashioning special conditions of supervised release, provided that each condition "1) is reasonably related to the [relevant] sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the [relevant] purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Woodall, 782 F.3d 383, 385-86 (8th Cir. 2015) (per curiam) (citation omitted). While the district court must make "an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements," we will not reverse the district court's imposition of the special condition "if the basis for the imposed condition can be discerned from the record." United States v. Mays, 993 F.3d 607, 620-21 (8th Cir. 2021) (citations omitted).

Though the district court did not specifically mention the special condition at the revocation hearing, "the basis for the imposed condition can be discerned from the record." Id. (citation omitted). "With regard to restricting access to Internet-connected devices, we consider relevant 'whether the defendant did more than merely possess child pornography and whether the restriction is a total ban.'" United States v. Newell, 915 F.3d 587, 591 (8th Cir. 2019) (citation omitted). As noted

above, Sullivan was originally convicted for possession of child pornography; over 7,000 images and over 275 videos were found in his possession. The material that he possessed was of such character to warrant a four-level enhancement for portraying sadistic or masochistic conduct or other depictions of violence. Further, the special condition is not a complete prohibition on Internet use but rather permits use with prior approval from his probation officer. See id. On this record, we find that the special condition "does not involve a greater deprivation of liberty than is reasonably necessary to advance deterrence and protect the public." Id. (upholding a similar special condition imposed upon revocation of supervised release). Sullivan having failed to otherwise establish plain error, we uphold the district court's imposition of the special condition. See Greer v. United States, 141 S. Ct. 2090, 2097 (2021) ("The defendant has 'the burden of establishing entitlement to relief for plain error.'" (citation omitted)).

For the foregoing reasons, the judgment of the district court is affirmed.

_____