# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1838
_____

United States of America

*Plaintiff - Appellee*

v.

William Trimble, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: July 26, 2023
Filed: July 31, 2023
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

William Trimble, Jr. appeals after the district court[1] revoked his supervised release for the fourth time and imposed a 24-month prison term, to be followed by

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

another 4 years of supervised release. His counsel has moved to withdraw and filed a brief challenging the substantive reasonableness of the sentence. Trimble raises additional issues in a supplemental pro se brief.

After reviewing for abuse of discretion, *see United States v. Miller*, 557 F.3d 910, 915-16, 917 (8th Cir. 2009), we conclude that the district court did not impose a substantively unreasonable sentence. The court sufficiently considered the statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. *See* 18 U.S.C. § 3583(e); *United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc). The record demonstrates that the court considered Trimble's arguments regarding his mental-health issues and purportedly non-willful actions. The court acted within its wide discretion by giving them less weight than Trimble preferred and did not err by discrediting his "job seeking" explanation. *See United States v. Dunn*, 928 F.3d 688, 694 (8th Cir. 2019); *United States v. Hernandez*, 281 F.3d 746, 748 (8th Cir. 2002). As for Trimble's *pro se* arguments about the 2020 polygraph examination, we discern no error. *See United States v. Kouangvan*, 844 F.3d 996, 999 (8th Cir. 2017) (discussing the standard of review); *see also United States v. Trimble*, 2 F.4th 771, 773-74 (8th Cir. 2021).

Trimble's sentence was also reasonable because, contrary to the arguments he raises in his *pro se* brief, the prison and the supervised release terms were both within the statutory maximums. *See United States v. Hensley*, 982 F.3d 1147, 1162 (8th Cir. 2020) (explaining the standard of review). The 24-month prison term was statutorily authorized. *See* 18 U.S.C. § 3583(e)(3) (authorizing a maximum 2-year revocation prison sentence if the original offense of conviction was a Class C felony). Even if, as Trimble argues, section 3583(e)(3) requires aggregation of prior revocation prison sentences, *but see United States v. Lewis*, 519 F.3d 822, 824-25 (8th Cir. 2008) (concluding that § 3583(e)(3) does not require aggregation); *see also United States v. Holm*, No. 22-2594, 2023 WL 4044480, at *1-2 (8th Cir. June 16, 2023) (per

curiam) (concluding the same), his combined prison term for all four revocations falls far below the life term of supervised release authorized by the statute for his original offense of conviction, *see* 18 U.S.C. §§ 2252(a)(4)(B), 3583(e)(3), 3583(k); *see also United States v. Fox*, 807 Fed. Appx. 605, 606 (8th Cir. 2020) (per curiam). The four-year supervised release term was also well within the statutory maximum. *See* 18 U.S.C. §§ 3583(h) (stating the length of a new term of supervised release imposed upon revocation "shall not exceed the term of supervised release *authorized by statute for*" the original offense of conviction, less any revocation prison terms) (emphasis added), (k) (stating, in relevant part, that the authorized term of supervised release for a § 2252 offense is any term of years not less than 5, or life). The Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), does not aid Trimble. *See United States v. Periard*, 846 F. App'x. 633, 635 (10th Cir. 2021); *United States v. Childs*, 17 F.4th 790, 792 (8th Cir. 2021); *United States v. Eagle Chasing*, 965 F.3d 647, 651 (8th Cir. 2020); *United States v. Wilson*, 939 F.3d 929, 933 (8th Cir. 2019).

Finally, even if Trimble had not waived a challenge to the internet and computer-based condition of release by withdrawing his objection to that condition at sentencing, *see United States v. Stoney End of Horn*, 829 F.3d 681, 688 (8th Cir. 2016), this court has already twice upheld that identical condition in his revocation proceedings, and he offers no convincing reason why this court should act differently now. *See United States v. Trimble*, No. 22-2168, 2023 WL 3144045, at *2-3 (8th Cir. Apr. 28, 2023) (per curiam); *United States v. Trimble*, 969 F.3d 853, 857 (8th Cir. 2020) (per curiam).

Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____